THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STILLWATER INSURANCE COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SHU-MEI WANG and BEIJING MEN,<br><br>　　　　　　　　　Defendants. | CASE NO. C24-1531-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Stillwater Insurance Company's motion for summary judgment (Dkt. No. 14). Having thoroughly considered the briefing and relevant record, and finding oral argument unnecessary,[1] the Court GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

According to Stillwater's Amended Complaint, (Dkt. No. 7 at 19–23), it provided

---

[1] Plaintiff requested oral argument, but Defendants did not. (*Compare* Dkt. No. 14 at 1, *with* Dkt. No. 17 at 1.) The Court deems such argument unnecessary because the parties have had a full opportunity to brief Plaintiff's motion. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) (oral argument not required if parties are given adequate opportunity to submit papers in support of and/or opposition to the motion). Moreover, as the Court is ultimately ruling in Plaintiff's favor, it cannot show prejudice from failing to present its arguments orally. *See Jasinski v. Showboat Operating Co.*, 644 F.2d 1277, 1280 (9th Cir. 1981) (requiring a showing of prejudice).

Defendants Shu-Mei Wang and Beijing Men, a married couple ("the insureds"), with homeowners insurance, (*see* Dkt. No. 14-2) (policy). They were then named as defendants in two suits, each alleging that Ms. Wang misrepresented possible real estate investments to individuals. (*See* Dkt. Nos. 14-3, 14-4) (complaints originally filed in King County Superior Court[2]). The resulting complaints assert a variety of claims against one or both of the insureds, including breach of contract, fraud, statutory violations, and negligent misrepresentation. (*See generally id.*) Stillwater is defending each under a reservation of rights, (*see* Dkt. No. 7 at 23). This is consistent with its policy. (*See* Dkt. No. 14-2 at 27) (provision articulating Stillwater's duty to defend).

Stillwater recently brought suit against the insureds in this Court, arguing that the allegations in the underlying cases do not trigger a duty to defend (nor would a resulting judgment trigger an indemnification obligation) because its policy does not cover the alleged wrongs. (*See generally* Dkt. No. 7.) Stillwater sought declaratory relief from this Court on this basis. (*Id.* at 29–30.) Stillwater now moves for summary judgment. (*See* Dkt. No. 14.) In support, it offers the policy with the insureds, along with the copies of the complaints Stillwater is currently defending. (*See generally* Dkt. Nos. 14, 14-2–14-4.)

## II.     DISCUSSION

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party and resolves ambiguity in that party's favor, but it must not make credibility determinations or weigh evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986); *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994).

The policy at issue covers "bodily injury" or "property damage" arising from an

---

[2] The latter was removed to this Court. *See Zhu v. Wang, et al.*, Case No. 2:23-cv-1395-JCC, Dkt. No. 1 (W.D. Wash. 2023) (notice of removal).

"occurrence." (Dkt. No. 14-2 at 27.) Stillwater asserts it has no duty to defend or indemnify because the conduct and harms alleged are not covered by the policy and, even if they were, a coverage exclusion applies. (Dkt. No. 14 at 15–25.) Specifically, says Stillwater, (1) Ms. Wang's alleged conduct was intentional and, therefore, not an "occurrence;" (2) the harms alleged do not constitute a bodily injury or property damage; and, finally, (3) business activity and/or professional services policy exclusions apply. (*Id.* at 23–29.)

Under Washington law,[3] an insurer's "duty to defend arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Nat'l Sur. Corp. v. Immunex Corp.*, 297 P.3d 688, 691 (Wash. 2013) (internal quotations omitted); *see Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 191 P.3d 866, 873 n.7 (Wash. 2008) ("[T]he duty to defend arises when a complaint contains any allegations that could make an insurer liable to an insured under the policy."). A duty to indemnify arises once an insured is found legally responsible for the harms alleged in the complaint. *Natl. Sur. Corp.*, 297 P.3d at 691. "In sum, the duty to defend is triggered if the insurance policy conceivably covers the allegations in the complaint, whereas the duty to indemnify exists only if the policy actually covers the insured's liability." *Natl. Sur. Corp. v. Immunex Corp.*, 256 P.3d 439, 445 (Wash. Ct. App. 2011), *aff'd*, 297 P.3d 688 (Wash. 2013).

In an insurance dispute such as this one, "[t]he party seeking to establish coverage bears the initial burden of proving coverage under the policy has been triggered," while "[t]he insurer bears the burden of establishing an exclusion to coverage." *Pleasant v. Regence BlueShield*, 325 P.3d 237, 243 (Wash. Ct. App. 2014) (citing *Diamaco, Inc. v. Aetna Cas. & Sur. Co.*, 983 P.2d 707, 709 (Wash. Ct. App. 1999)). To determine whether a claim might conceivably be covered (and trigger a duty to defend), an insurer typically looks to the "eight cor[n]ers" of the policy and the complaint(s) against the insured. *Xia v. ProBuilders Specialty Ins. Co.*, 400 P.3d 1234, 1240 (Wash. 2017). If the documents do not raise an issue of fact or law that could conceivably result

---

[3] It is undisputed that Washington law controls. (*See generally* Dkt. Nos. 14, 17.)

in coverage, then the insurer need not defend. *Id.* But "if there is any reasonable interpretation of the facts or law that could result in coverage, the insurer must defend." *Am. Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 696 (Wash. 2010).

Stillwater first contends that the allegations against Ms. Wang amount to "intentional conduct [by her] related to various business transactions." (Dkt. No. 14 at 17.) Meaning, they do not amount to a qualifying "occurrence" because they are not accidental or unforeseen. (*Id.*) In response, the insureds point to the negligent misrepresentation claims each complaint asserts against Ms. Wang. (*See* Dkt. No. 17 at 7.) While the allegations supporting such claims are minimal, (*see* Dkt. Nos. 14-3 at 29–31, 14-4 at 14), they exist. And they are sufficient to withstand summary judgment, at least on the issue of a qualifying occurrence. *See Truck Ins. Exch. v. Vanport Homes, Inc.*, 58 P.3d 276, 281 (Wash. 2002) ("if there is any potential for coverage, the insurer must defend" even if "certain allegations fall outside of the policy's coverage."). But this is not the end of the story.

Stillwater next contends that the complaints fail to allege a qualifying harm,[4] namely property damage. (Dkt. No. 14 at 17–20.) The policy defines "property damage" to include the "loss of use of tangible property." (Dkt. No. 14-2 at 10, 27.) In opposing summary judgment, the insureds focus on this language—they contend that certain allegations within the complaint(s) could be interpreted to represent a loss of use of property. (*See* Dkt. No. 17 at 7–8.) Specifically, they point to the allegation that Ms. Wang told investors, in exchange for money remitted, they would receive an investment secured by real property. (*See* Dkt. Nos. 14-3 at 7, 12, 19; 14-4 at 4, 5.) The insureds suggest the deprivation of their security interest(s) could amount to a loss of use of the underlying property. (*See* Dkt. No. 17 at 7–8.) The argument is not well taken. For one, a possible security interest in property, and the loss thereof, is far too attenuated to represent the

---

[4] There seems to be no dispute that bodily injury is not alleged in the underlying complaints. (*See generally* Dkt. No. 14, 17.)

loss of use of property.[5] For two, the complaint(s) also indicate that, in fact, the investors received *no* legally colorable security interest(s) in such property. (*See* Dkt. Nos. 14-3 at 20, 14-4 at 10–12.) Thus, there can be no loss of use, and, as such, no qualifying injury.

Finally, Stillwater contends, (*see* Dkt. No. 14 at 20–22), had there been a qualifying injury, the policy's business[6] exclusion precludes coverage, (*see* Dkt. No. 14-2 at 29) (exclusion provision at issue). Under Washington law, a business exclusion provision is effective unless the insured is operating outside of the scope of their employment, not using an instrument related to the business, or not motivated by a business purpose. *Stuart v. Am. States Ins. Co.*, 932 P.2d 697, 700 (Wash. Ct. App. 1997), *aff'd*, 953 P.2d 462 (Wash. 1998). According to each underlying complaint, Ms. Wang held herself out to be a real estate professional when soliciting the funds at issue from investors. (*See* Dkt. Nos. 14-3 at 4, 14-4 at 4–11.) Thus, says Stillwater, any resulting conduct and harms, even if otherwise covered, would be excluded by the nature of Ms. Wang's profession, as it falls squarely within its scope. (*See* Dkt. No. 14 at 20–22.) The Court agrees. The complaints describe Ms. Wang as an individual who marketed real estate investments and solicited funds in her capacity as a real estate professional. (*See* Dkt. Nos. 14-3 at 4, 14-4 at 4–11.) Thus, the business exclusion applies. Stillwater also suggests its professional services policy exclusion applies. (*See* Dkt. No. 14 at 22–25.) The Court elects not to reach this argument, as Stillwater's other arguments are sufficient to support summary judgment in Stillwater's favor.

To summarize, the Court finds as a matter of law that Stillwater's policy does not impose a duty to defend or indemnify the insureds in the underlying suits. This is because there is no coverage for the alleged conduct and, even if there were, policy exclusions would preclude

---

[5] The cases the insureds cite in support otherwise, (*see* Dkt. No. 17 at 5–7), are inapt. Each involve the loss of use of <u>actual</u> property. *See State Farm Fire and Cas. Co. v. Heather Ridge, L.P.*, 2013 WL 179713, slip op. at 3 (W.D. Wash. 2013)) (loss of use of apartment complexes); *Allstate Ins. Co. v. Bowen*, 91 P.3d 897, 900 (Wash. Ct. App. 2004) (damage to a sewer line resulting in loss of use of real property).

[6] "Business" is broadly defined as a "trade, profession, or occupation engaged in on a full-time, part-time, or occasional basis." (*Id.* at 8.)

ORDER
C24-1531-JCC
PAGE - 5

1 coverage.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Stillwater's motion for summary judgment (Dkt. No. 14).

DATED this 13th day of March 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE